*Note by the Reporter.*—The same question presented in this case has recently been decided by the Court of Appeals in the case of *Williamson et al* vs. *Miller and Mayhew*, at December term, 1853, (which has not yet been reported,) and the above views of the Chancellor are fully sustained in the opinion of the appellate court in that case, delivered by his honor *Chief Justice Le Grand.*

JOSEPH WHITE
vs.                    } DECEMBER TERM, 1849.
JOHN WHITE AND OTHERS.

[DEMURRER TO BILL—MULTIFARIOUSNESS.]

UPON a bill by a partner for an account of the partnership affairs, a party, not a partner in the firm, cannot be called to account in the capacity of a partner, and he may demur to the bill making him a party.

But if one of the partners has transferred his interest in the partnership to a third party, such party may be called upon to account for the affairs of the

firm in connection with the partners, and is a necessary party to a bill calling for a settlement of the partnership.

The allegation that one of the partners "is about to receive, if he has not already done so, a large sum from J. W. and H. W. or one of them as a consideration for arresting proceedings against them, and for a transfer of all his interest in the partnership," is too uncertain to make it necessary that H. W. who was not a partner, and but for this alleged transfer had no interest in the litigation, should be required answer.

[The bill in this case was filed on the 22d of May, 1849, by Joseph White, and alleges, in substance, that in February or March, 1835, complainant and his father, John C. White, of the city of Baltimore, and his brother, Campbell P. White, of the city of New York, formed a partnership in the former city, under the firm of John C. White and sons, for the purpose of distilling spirits, (a partnership similar to which had existed many years previously in the same business, between the said John C., Campbell P. and Robert White, and had been dissolved by the withdrawal of Robert,) during the continuance of which large gains and profits were made, which were employed partly in the extension of their business, and partly in the purchase of property and erection of buildings. That complainant attended to the manufacturing department of the business, while the accounts of the partnership were entrusted exclusively to his brother, Henry White, or his brother, John White, in the latter of whom complainant had at that time unlimited confidence, and the accounts of the firm being at all times subject to his control, he became fully acquainted with the profits thereof, and of the share of the assets due each partner. That in March, 1835, there belonged to the firm certain real estate in the city of Baltimore, the title whereof stood in the name of the senior partner, John C. White, but was held by him as the property, and for the benefit, of the partnership. That said John White, though not a member of the firm, was yet, as the eldest brother of the family, regarded by the firm, and all its members, as its confidential adviser, and was entrusted with the full control of its affairs, and its books and property, and did, in fact, by consent of all, entirely regulate its books and affairs, and dispose of its means in such manner as he judged proper, all of which

control and management were by him rendered on his own motion, ostensibly for the benefit of the firm, and professedly without any compensation, or hope of compensation, but with the sole desire to advance the interest of the partnership.   That being thus familiar with the affairs of the firm, and knowing the aforesaid real estate to be its property, and not that of said John C. White, in whose name it stood, and knowing also that the firm was not indebted to him to any amount, the said John White designing for his own benefit to defraud the firm, and abuse the confidence so implicitly reposed in him, fraudulently persuaded his said father, John C. White, who was then very old and incapable of attention to business, that the firm was largely indebted to him, the said John White, and caused and procured his said father to convey to him, on the 7th of March, 1835, all said real estate in payment of said pretended debt, and did further, by similar false statements and fraudulent representations, accounts and charges, cause and procure the assent of complainant and the other copartners to said conveyance, they all then relying as the ground of such assent on the said statements and representations of the said John, whose assertions, complainant, in the fullness of his respect and confidence, regarded at that time as conclusive in reference to anything within his knowledge.   That devoting his time exclusively to the manufacturing department of the business, complainant was in utter ignorance of the accounts of the firm, and of the individual members thereof with the firm, the books and accounts never having been examined by him, because of his confidence in the statements of the said John.   That he has had no opportunity to examine said books and accounts, or obtain access to the same, from the day he first desired to inspect them to the present time, although he has constantly and earnestly claimed as a right, or solicited as a favor, such opportunity of access and inspection, but on the contrary, he has been refused such inspection, and has been thwarted in his every efforts to obtain by legal proceedings such examination, by every artifice which human ingenuity could devise.

The bill then further charges that said John White, having

constantly refused complainant access to the books of the firm, has for some years past pretended complainant was a debtor to the firm to a large amount, when, in fact, upon a fair account to be taken of all the business of the firm from its commencement, and when all false, fraudulent, and improper entries have been expunged or corrected, he avers he will be entitled to a large amount of money as his share of the partnership, profits and assets. That said John fraudulently, and with intent to delay complainant in the settlement of his accounts, has refused to give the information desired, and has, in combination with his brother, Henry White, who was the agent of the firm, and Campbell P. White, one of the partners thereof, resorted to every expedient and artifice and oppression which could weary the patience and exhaust the means of complainant. That said John White, fraudulently insisting upon a pretended debt due by complainant, and refusing all examination of the books of accounts, and denying all other information on the subject, and having the books of accounts under his control, and knowing the true state of the accounts, and acting under an alleged power of attorney, as the agent of Campbell P. White, and as representative of the estate of John C. White, then deceased, at last obtained from complainant, worn out by the vexations and losses of delay, the execution of certain articles of agreement, executed on the 10th day of May, 1848, a copy of which is exhibited with the bill. That at the time the negotiation which led to the execution of this agreement, complainant believed his brother, Campbell P. White, concurred with his brother, John White, in his statement of the fairness of the accounts of the partnership, and though he believed he was about to sacrifice a large portion of the same he believed justly due him, yet he was not prepared for the result to which he has been now led by the recent disclosures and action of his said brother, Campbell P. White. That said Campbell P. has recently and deliberately stated that he was opposed to the execution of said agreement, and refused for a long time all co-operation therein, because it involved a fraud upon the rights of the complainant, and could not be binding, and at last, when he consented to sign the same, refused to con-

35*

tribute any part of the sum paid to complainant on account thereof. That he has also declared that the accounts of the firm since 1835 commenced with fraudulent balances, and were themselves fraudulent and void. That, not content with these declarations, the said Campbell P. filed a bill in the equity side of the Circuit Court of the United States, praying for relief against the conveyance made in 1835 by John C. White to John White, and also insisting upon other frauds committed by said John White, in combination with Henry White, the said Campbell filed his other bill in this court, in which he alleges the said Henry and John are largely indebted to said firm, copies of both of which bills are exhibited. That said Campbell P. has recently stated that during certain years in which John White pretended the firm had made no money, he has now discovered by the books they had made over $160,000. That notwithstanding these disclosures, and bills for the relief against the frauds of John White, the said Campbell P. White, as complainant, is informed, and verily believes, is about to obtain, if he has not already done so, large amounts of money from the said John White, and Henry White, or one of them, as a consideration for his arresting the proceedings so instituted by him, and for a transfer of all his interest in the partnership aforesaid.

The prayer of the bill is, that the agreement of May, 1848, and also a deed of the 12th of May, 1848, made in pursuance thereof, and the deed of the 7th of March, 1835, may be decreed to be null and void, and delivered up to be cancelled. It also asks from him discovery in relation to the several charges against John White, and that said Campbell P. White may state the amount he has received or agreed to receive from the said John White and Henry White, or either of them, and which the said John White and Henry White, or either of them have agreed to pay him, in consideration of his agreement to dismiss his bills of complaint above referred to, and of the transfer of his interest in the partnership assets and profits.

The defendant, Henry White, filed a demurrer to this bill, because the complainant hath not in and by his said bill made or stated such a case as doth or ought to entitle him to any

such discovery or relief as is thereby sought and prayed for from or against this defendant. That this defendant is not a necessary, material or proper party to any litigation in respect of or relating to any matters of equity pretended in said bill of complaint against his co-defendants ; and that said bill contains and alleges several distinct matters and causes in no way dependent or associated with each other, or proper to be litigated in one suit.

Upon this demurrer the Chancellor delivered the following opinion.]

THE CHANCELLOR.

To the bill filed in this case, the defendant, Henry White, has demurred, and for cause of demurrer says, "that the said complainant hath not in, and by his said bill, made or stated such a case as doth or ought to entitle him to any such discovery or relief as is thereby sought and prayed for from or against this defendant," "and that the said defendant is not a necessary, material, or proper party to any litigation in respect of or relating to any matter of equity pretended in said bill of complainant against his co-defendant."

This demurrer was submitted by the defendant, Henry White, during the sittings of the term, and is now, under the rule, laid before the court for decision, upon an argument in writing on his part.

The bill has been carefully read and considered, and I am of opinion that it does not state a case upon which the complainant can, upon the principles which govern pleadings in equity, be entitled to a discovery and relief against this defendant.

Henry White was not a partner in the firm of John C. White & Sons, and cannot be called upon to account in the capacity of a partner, and if he is liable at all to the complainant for any thing connected with the affairs of the partnership, it is in respect of the allegation that Campbell P. White, who was a partner, "is about to receive, if he has not already done

so, a large sum of money from the said John White & Henry White, or one of them, as a consideration for his arresting the proceedings so instituted by him," (referring to a suit which had been commenced by Campbell P. White against the said Henry White & John White,) "and for a transfer of all his interest in the partnership aforesaid."

The bill does not allege that Campbell P. White transferred his interest in the partnership to Henry White, or that any money was paid him by Henry White. The allegation is, that money was paid him by John and Henry, or one of them, in consideration of the transfer of his interest in the partnership, and therefore it does not appear by whom or to whom the transfer was made.

This statement of the plaintiff's case, as I think, leaves it too uncertain to make it necessary that Henry White, who, but for the supposed transfer, has clearly no interest in the litigation, should be required to answer, but as the objection is founded upon an ambiguity in stating the plaintiff's case, I shall, while ruling the demurrer good, retain the bill as against this defendant, to give the plaintiff an opportunity of amendment.

The objection that the bill is multifarious, as blending several distinct matters and · causes of action, in no way dependent or associated with each other, or proper to be litigated in one suit, is not, I think, well taken.

If the bill is to be understood as averring that the defendant, Campbell P. White, who was a partner, has transferred his interest in the partnership to John White and Henry White, or to the latter alone, I can see no good reason why he may not be called upon to account for the affairs of the concern in connection with the partners, as in that event, he would have an interest in common with them, and would be a necessary partner to a bill calling for a settlement of the partnership. Neither can I see why the settlements of 1835 and 1848, may not be investigated and litigated in the same bill. The former may have led to the latter, and, therefore, there would seem to be a propriety in examining into both at the same time. At all events, I cannot now see that these two matters are so dis-

tinct as to render them altogether unfit to be associated in one suit.

STEWART and NELSON, for the Complainant.
ALEXANDER CAMPBELL and JOHNSON, for Defendants.